989 F.2d 508
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Shahin SHIRKHANI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9517.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Shahin Shirkhani, a native and citizen of Iran, petitions for review of a decision of the Board of Immigration Appeals (BIA), denying his motion to reopen his deportation proceedings in that he had failed to establish a prima facie cause for asylum.
 
 
 3
 Shirkhani entered the United States in April, 1983, on the basis that he was the fiance of a United States citizen. Shirkhani, however, never married. Shirkhani applied for asylum with the Immigration and Naturalization Service (INS) October 26, 1983. His request was denied on July 18, 1984.
 
 
 4
 The INS subsequently initiated deportation proceedings against Shirkhani on August 16, 1985, on the ground that he had violated his nonimmigrant status. In response, Shirkhani, while acknowledging that he was deportable, renewed his request for asylum contending that he would be arrested if returned to Iran for failure to report for military service and because of a previous arrest in his family. Shirkhani requested and received a thirty day extension within which to supplement his request with information from Iran.
 
 
 5
 After the proceedings resumed, Shirkhani presented witnesses who testified that he would be persecuted if he returned to Iran. Shirkhani also testified that his father and uncle had been imprisoned in Iran and that he would be arrested upon his return to Iran for failure to perform compulsory military service. The INS presented evidence that Shirkhani had been convicted of second degree forgery, criminal impersonation, and theft.
 
 
 6
 On June 29, 1987, an immigration judge entered an order denying Shirkhani's request for asylum and withholding of deportation. Within his order, the immigration judge stated that Shirkhani's failure to comply with Iran's compulsory military service was not by itself ground for asylum.
 
 
 7
 Shirkhani appealed to the BIA. On April 14, 1989, the BIA, following a de novo review, dismissed Shirkhani's appeal. In so doing, the BIA found that the consequences of Shirkhani's refusal to serve in the military did not constitute a basis to grant him asylum and that his family's association with the late Shah did not by itself establish that Shirkhani would be persecuted if he returned to Iran. Shirkhani did not seek judicial review of the BIA's order.
 
 
 8
 Almost three years later on February 10, 1992, Shirkhani filed a motion to reopen his deportation proceedings and for a stay of deportation. On February 12, 1992, the BIA denied Shirkhani's request for a stay of deportation. On the same day, Shirkhani filed a petition in this court seeking review of the BIA's order. We dismissed Shirkhani's petition on February 25, 1992, holding that "[b]ecause the Petition for Review concerns only the Board's denial of stay and the Board has not yet ruled on the motion to reopen, we have no jurisdiction over the Petition...."
 
 
 9
 On March 4, 1992, the BIA denied Shirkhani's motion to reopen after finding that a prima facie showing of eligibility for the relief sought, asylum and withholding of deportation, has not been demonstrated. On March 25, 1992, Shirkhani filed the instant petition for review. On June 17, 1992, Shirkhani filed a motion to reopen his deportation proceedings and to stay our briefing schedule. We denied the motion and ordered Shirkhani to file his opening brief.
 
 
 10
 On appeal, Shirkhani contends that the BIA's refusal to reopen his case is arbitrary and capricious and an abuse of discretion. Shirkhani argues that evidence of his father's disappearance and of his mother being placed under house arrest represented credible evidence which would cause a reasonable person to have a well-founded fear of returning to their home country.
 
 
 11
 INS responds that the BIA appropriately exercised its discretion in denying Shirkhani's motion to reopen based on its findings that Shirkhani failed to show a prima facie eligibility for asylum. INS argues that the BIA properly adopted the immigration judge's findings that there was insufficient evidence that Shirkhani would be singled out for persecution upon his return to Iran and that the consequences of Shirkhani's refusal to serve in the military did not constitute persecution under the Immigration Act. We agree.
 
 
 12
 There is no statutory provision for reopening a deportation proceeding and the authority for such motions is derived solely from regulations promulgated by the Attorney General. INA v. Rios-Pineda, 471 U.S. 444, 446 (1985). The BIA's denial of a motion to reopen is subject to an abuse of discretion standard, I.N.S. v. Doherty, --- U.S. ----, 112 S.Ct. 719, 724 (1992), and the Attorney General has broad authority to grant or deny such motions. Id. "Motions for reopening of immigration proceedings are disfavored" and "[t]his is especially true in a deportation proceeding where, as a general matter, every delay works to the advantage of the deportable alien who wishes to stay in the United States." Doherty at pp. 724-5. Moreover, there are " 'at least' three independent grounds on which the BIA might deny a motion to reopen [including] ... failure to establish a prima facie case for the relief sought...." Id. at p. 725.
 
 
 13
 Applying these standards to our instant case we hold that the BIA did not abuse its discretion in denying Shirkhani's motion to reopen his deportation proceedings.
 
 
 14
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3